Habby T. Nusbatjm, J.
This matter was stricken from the Trial Term Calendar of the Supreme Court, held in and for the County of1 New York by order of Mr. Justice George M. Carney and transferred to the Civil Court of the City of New York for trial without a jury. The order was made pursuant to rule 660.21 of the Rules of the Supreme Court, New York and Bronx Counties, dated January 30, 1973 (22 NYCRR 660.21), which provides as follows: ‘ ‘ Removal of actions without consent to the Civil Court of the City of New York. The . Appellate Division having determined that calendar conditions in the Civil Court of the City of New York, New York and Bronx Counties, will permit transfer of cases thereto, the Supreme Court may remove any action or proceeding pending in Supreme Court to the Civil Court of the City of New York in accordance with the provisions of CPLR 325 (d).”
This motion was brought by the defendant for an order (1) returning this action to the Supreme Court, New York County or (2) in the alternative, for an order granting the defendant the right to a trial by jury.
The ground for the first relief requested is that this court lacks jurisdiction to grant the equity relief demanded in the plaintiff’s first cause of action. The relief demanded would require this court to issue a decree directing the defendant to specifically perform his agreement contained in the separation agreement entered into between the plaintiff and defendant on August 14, .1967, to provide the plaintiff with a $50,000 life insurance policy in which she would be named and designated as the irrevocable beneficiary.
It is conceded that this court lacks jurisdiction -to issue such a decree, but the attorneys for the plaintiff here contend and apparently alleged and argued before Justice Carney, that the question has become moot. The policy in question, was in fact delivered to the plaintiff in or about April of 1969, and the remarriage of the plaintiff in April of 1971 rendered the provi *53 sion to deliver the policy as contained in the separation agreement, inoperative.
The attorney for the defendant nevertheless contends that the equitable nature of the action has not changed because, the essence of the action for attorneys’ fees is based upon a determination of the equitable relief demanded in the first cause of action. What he urges is that under the agreement attorneys’ fees are only payable to a successful party and the litigation here instituted was neither successful nor necessary under the provisions of paragraph 15 of the separation agreement. Ergo, no determination of the cause of action for attorneys’ fees can be made without a prior determination as to whether the plaintiff was entitled to her first cause of action.
I am not in agreement. No judgment of this court in the pending action will require the making of a decree which I do not have the jurisdiction to make; The equitable principles so strongly urged by the defendant can and will be given careful consideration, but so long as the final judgment requested is for money damages only, I am of the opinion that this court has complete jurisdiction over the transferred action.
The alternative relief requested, a trial by jury, is also denied. The right to trial by jury was waived by the defendant’s prede-. cessor attorney in this action in a conference before Judge Carney prior to the transfer of the action to this court. The provisions of CPLR 325 which render a waiver of jury trial in the first court inoperative after removal to another court are not applicable. The waiver in this case was specifically made, in connection with the transfer of the action and I feel bound by the “ Order of Transfer ” signed by Mr. Justice Carney which states the action was to be placed on this court’s calendar for trial without a jury.
I am sure this motion is but a forerunner of many like applications that will be made to this court requiring the use of precious time needed so urgently on other matters. The enactment of CPLR 325 (subd. [d]) in 1968, the promulgation of 22 NYCRR 660.21 in 1973, the transfer of approximately 200 cases weekly from the Supreme Court to the Civil Court and the neeesr sary clerical help and paper work required to effect such transfers, point up quietly but dramatically the need for the creation of one unified trial court with unlimited general and equitable jurisdiction.
The wholly artificial and arbitrary division of our court system into upper courts of general jurisdiction and lower courts of limited jurisdiction is archaic and defies every prin *54 eiple of efficient court management. The waste of nonjudicial personnel is appalling because each court must be structured and staffed to meet the requirements and needs for proper filing systems and record keeping. The use of judicial manpower is at best uneven with many Judges overburdened and many others under utilized. Full utilization, of judicial manpower cannot be achieved by the transfer of cases or Judges to other courts, but it may very well be realized by the creation of one State court with general unlimited jurisdiction. Under one court the simple assignment- of Judges by the Administrator to those areas and parts where and when needed would eliminate the costly and wasteful procedures now being éínplóyed.
In 1971 the National Conference on the Judiciary in its consensus statement said, “ There should be only one level of trial court, divided into districts of manageable size. It should possess general jurisdiction, Tbut be organized into specialized departments for the handling of particular kinds of litigation. Separate specialized courts should be abolished.”
In these days of recognition of the rights of all men to be treated as equals and to receive equal justice under the law, can we continue to allow the existence -of so-called lower “inferior courts ” before whom the greatest mass of our citizens come for justice? Are disputes between the less fortunate and less affluent to be served and adjudicated by less qualified nonjudicial and judicial personnel? Certainly this inference can be drawn from the simple fact that they are paid far less than their colleagues in the “upper courts.” Is there any basis in fact for this disparity?
The achievements of this court under the able leadership and administration of Mr. Justice Edward Thompson in eliminating all backlog and bringing its calendars to a current status has been heralded throughout the country, and indeed in many parts of the world.
The Civil Court presently has approximately 24 Judges assigned as “ Acting Supreme Court Justices,” performing the functions of Supreme Court Judges, on both the criminal and civil side of that court. In addition, this court, as a result of the transfers daily being made under the provisions of 22 NYCBB 660.21 has disposed of, and continues to dispose of, the transferred cases with a speed and dispatch which has not been matched anywhere.
The flow of cases from up above keeps rolling along and I, and I am sure, most of my colleagues, are happy to help in *55 the drive to break the backlog which exists in the Supreme Court. What concerns me is the realization that the waste can be eliminated and efficiency in our court system realized by the creation of one trial court of general jurisdiction and the failure of our Legislature to act on the matter. The principles of equity and efficient management demand such action by the Legislature which will in one stroke truly effect reform in our much libeled court system.